UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROGER WESTHOFF, et al., | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV86 HEA |
| | ) | |
| REBASHARES DEVELOPMENT COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand, [Doc. No. 8]. Defendants oppose the motion. For the reasons set forth below, the motion is granted.

Plaintiff filed this action against defendants in the Circuit Court of St Louis County, Missouri, seeking declaratory and injunctive relief. Defendants removed the case to this Court based on the Court's diversity of citizenship jurisdiction under the provisions of 28 U.S.C. § 1332.

Plaintiffs now move for remand arguing the damages at issue do not exceed

$75,000,[1] and therefore the Court lacks subject matter jurisdiction.[2]

**Facts and Background**

Plaintiffs are the owners of a timeshare interest in property located in Hilton Head, South Carolina. They brought this action seeking a declaratory judgment that they are not obligated to pay their annual maintenance fees assessed against the property by the subdivision owners' association, based on their purchase contract and an addendum to that contract. Plaintiffs allege that under the terms of the purchase contract and addendum, if they post six flyers in a given year, in public places around their home in St. Louis County, Missouri advertizing the timeshare property and soliciting others to attend a sales presentation at the timeshare resort, they are not required to pay the assessment.

Plaintiffs have been assessed the annual assessment and have been notified by Defendants that foreclosure proceedings have been initiated for failure to pay the assessments. Plaintiffs brought the instant action seeking a declaration that if they post the said six flyers, they are not required to pay that assessment. Plaintiffs

---

[1] There is no dispute that there is complete diversity of citizenship among the parties.

[2] Plaintiffs also argue that the Notice of Removal was not timely filed. Because the Court concludes that Defendants have failed to establish the requisite amount in controversy, the Court will not address the timeliness issue.

Additionally, Defendants have filed a Motion to Dismiss for lack of personal jurisdiction. Because the Court concludes that it lacks subject matter jurisdiction, the Court cannot consider the merits of Defendant's Motion.

further seek to enjoin Defendants from proceeding with the foreclosure action.

According to the Notice of Removal, at the time this action was removed, the assessments plus late fees were equal to $7,087.31. However, Defendants state that the amount in controversy requirement is met because the "maintenance fees are part of the covenants and conditions which are attached to the subject timeshare ownership interest and, therefore, the annual maintenance fees are perpetual and the present value of those continuing fees disputed by Plaintiffs in this case exceeds $75,000. Additionally, plaintiffs seek recovery of their attorneys fees in this matter."

## **Discussion**

When the parties to an action are citizens of different states, as they are here, a federal district court's jurisdiction extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Where a complaint alleges an unspecified amount of damages or an amount under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.,* 346 F.3d 830, 834 (8th Cir.2003); *See also Trimble v. Asarco, Inc.,* 232 F.3d 946, 959 (8th Cir.2000). The burden, therefore, is on the party invoking federal jurisdiction to show by a

preponderance of the evidence that the claims originally asserted in the Complaint "could, that is might, legally satisfy the amount in controversy requirement." *James Neff Kramper Family Farm Partnership v. IBP, Inc.,* 393 F.3d 828, 831 (8th Cir.2005) (citing *Kopp v. Kopp,* 280 F.3d 883, 885 (8th Cir.2002)).

Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 107-09 (1941). A district court is required to resolve doubts concerning federal jurisdiction in favor of remand, strictly construing the removal statute. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cir.1997); *In re Bus. Men's Assurance Co. of Am.,* 992 F.2d 181, 183 (8th Cir.1993). Moreover, "diversity jurisdiction in removal cases [is] narrower than if the case were originally filed in federal court by the plaintiff." *Hurt v. Dow Chem. Co.,* 963 F.2d 1142, 1145 (8th Cir.1992) (referencing the 28 U.S.C. § 1441(b) limitation on defendants in the forum State).

The determination about whether a federal court has removal jurisdiction is made on the basis of the record at the time of removal. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 43 (1998) ("[R]emoval is permissible only where original jurisdiction exists at the time of removal or at the time of the

entry of final judgment."); *Keene Corp. v. United States,* 508 U.S. 200, 207-08 (1993) (noting "subject-matter jurisdiction turns on the facts upon filing" in federal court); *James Neff,* 393 F.3d at 834 (the court judges "the legitimacy of the amount in controversy 'based on information known to the court at the time jurisdiction [is] challenged.'")(internal quotation omitted). "A subsequent change, such as the plaintiff's post-removal voluntary reduction of his claim to less than the jurisdictional amount, does not defeat federal jurisdiction acquired through removal." *Hatridge v. Aetna Cas. & Sur. Co.,* 415 F.2d 809, 814 (8th Cir.1969) (citations omitted). Therefore, jurisdictional facts are judged at the time of the removal.

Plaintiffs seek a declaration that they are not obliged to pay the assessed fees if they post six flyers per year as stated above. They also seek a declaration that because they have in the past years posted the flyers, they are not required to pay those fees and penalties which have already been assessed. They further seek to enjoin defendants from foreclosing on their timeshare interest in the property.

Defendant contends that since the fees are "perpetual" the present value of those fees exceeds $75,000.00.[3]

---

[3] Defendants, in their notice of removal also seek to include within the jurisdictional amount in controversy Plaintiff's request for attorneys' fees. Defendants have apparently abandoned this argument since they did not respond to Plaintiffs' argument in their memorandum in support of the Motion to Remand that because the attorneys' fees are not statutory, they are

The amount in controversy in a suit for injunctive relief is measured by the value to the plaintiff of the right sought to be enforced.  *See Burns v. Massachusetts Mutual Life Ins. Co.,* 820 F.2d 246, 248 (8th Cir.1987).  In this case, the value of the requested relief from the Plaintiff's perspective does not approach the required jurisdictional minimum.  The amount at issue, at the time of removal was the assessments and late fees, $7,087.31.[4]  Additionally, Plaintiffs seek an injunction to stop the foreclosure proceedings, thus the value of the timeshare is included in the amount at issue, since the value to Plaintiffs of the subject of the foreclosure would be the timeshare.  Plaintiffs did not dispute the current selling price of a timeshare week, *i.e.*, $27,000.00, submitted by Defendants.  However, the total amount of the assessments and the selling price, $34,087.31, in no way satisfies the jurisdictional amount.  Future assessments, if any, cannot be included in this amount because they are purely speculative:  they have not yet accrued and may never accrue.  It cannot be ascertain what, if any, assessments will be incurred by the Plaintiffs.  As Plaintiffs argue, they are not challenging Defendants' right to receive future annual maintenance fees under the terms of the timeshare purchase contracts and addendum thereto, rather, they are asking the Court to declare that they are only obligated to

---

not considered in the determination of the amount in controversy.

[4]  According to the memoranda submitted to the Court, this amount is now in excess of $9,000.00 since the late fees continue to accrue.

pay the fee if they fail to post the six flyers each year advertising and soliciting others to attend a sales presentation at the timeshare resort. Thus, it may be that at some point, Plaintiffs will *not* post the flyers, and will therefore be obligated to pay the assessment. Plaintiffs never contend that they are absolutely free to avoid the assessment, rather, the "waiver" only becomes applicable upon the condition precedent that Plaintiffs post the flyers around their St. Louis home. Thus, future assessments may be incurred or they may never be incurred. As such, Defendants have not, and cannot establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00

## **Conclusion**

Pursuant to 28 U.S.C. § 1332, two conditions must be met for the Court to exercise diversity jurisdiction: complete diversity of citizenship among the parties and the amount in controversy must exceed $75,000.00. Although the parties are completely diverse, the amount in controversy at the time of removal did not exceed $75,000.00. The Court, therefore is without jurisdiction to consider the merits of this action.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's Motion to Remand, [Doc. No. 8], is granted.

IT IS FURTHER ORDERED that this matter is remanded to the Circuit Court for St. Louis County, Missouri.

Dated this 9th day of May, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE